## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| BMO BANK N.A., a national banking association, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ ) |
| v. | ) ) |
| GILMORE TRUCKING LLC, a limited liability company, and WILLIE GILMORE, an individual, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, BMO Bank N.A., by its attorneys, and for its Complaint against Defendants Gilmore Trucking LLC and Willie Gilmore, states as follows:

## PARTIES

1.   Plaintiff, BMO Harris Bank N.A. f/k/a BMO Harris Bank N.A. ("Plaintiff") is a national banking association with its main office located in Chicago, Cook County, Illinois, as set forth in its articles of association. Effective September 3, 2023, Plaintiff adopted amended articles of association pursuant to which its corporate title was changed from "BMO Harris Bank National Association" to "BMO Bank National Association." For jurisdictional purposes, Plaintiff is a citizen of the State of Illinois.

2.   Defendant Gilmore Trucking LLC ("Borrower") is a limited liability company organized under the laws of the State of Alabama with its principal place of business located in Tuskegee, Alabama. On information and belief, the only member of Borrower is Willie Gilmore, who is a citizen of the State of Alabama. For jurisdictional purposes, Borrower is a citizen of the

State of Alabama.  Borrower may be served with process upon its registered agent, Willie Gilmore, at 595 Persimmon Creek Road, Tuskegee, Alabama 36083.

3. Defendant Willie Gilmore ("Guarantor" and together with Borrower, the "Defendants"), was and is and individual domiciled within, and a citizen of, the State of Alabama and may be served with process at 595 Persimmon Creek Road, Tuskegee, Alabama 36083.

## JURISDICTION AND VENUE

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. This court has personal jurisdiction over Defendants as Borrower is an Alabama limited liability company operating a business within the State of Alabama and Guarantor is an individual residing in Macon County, Alabama.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Borrower's principal place of business is located in Macon County, Alabama and Guarantor resides in Macon County, Alabama.

## FACTUAL ALLEGATIONS

9. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though set forth fully herein.

10. On or about May 4, 2021, Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "First Agreement"), with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (the "First Loan Collateral"), and Borrower agreed to repay the financed amount,

including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the First Agreement is attached hereto and incorporated herein as **Exhibit A**.

11. Plaintiff performed all of its obligations under the First Agreement and did, in fact, finance Borrower's purchase of the First Loan Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the First Agreement.

12. On or about May 19, 2022, Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Second Agreement"), with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (the "Second Loan Collateral"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Second Agreement is attached hereto and incorporated herein as **Exhibit B**.

13. Plaintiff performed all of its obligations under the Second Agreement and did, in fact, finance Borrower's purchase of the Second Loan Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the Second Agreement.

14. On or about May 27, 2022, Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Third Agreement"), with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (the "Third Loan Collateral"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Third Agreement is attached hereto and incorporated herein as **Exhibit C**.

15. Plaintiff performed all of its obligations under the Third Agreement and did, in fact, finance Borrower's purchase of the Third Loan Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the Third Agreement.

16. The First Agreement, Second Agreement, and Third Agreement are referred to collectively herein as the "Agreements."

17. The First Loan Collateral, Second Loan Collateral, and Third Loan Collateral are referred to collectively herein as the "Collateral."

18. Pursuant to the Agreements, Borrower granted Plaintiff a first-priority security interest in the Collateral. In summary, the Collateral consists of the following vehicles (including any other attachments, accessions, substitutions, or replacement parts):

| Agreement | Year | Make | Model | VIN |
| --- | --- | --- | --- | --- |
| First | 2021 | Utility | Flatbed | 1UYFS2480M5236206 |
|  | 2021 | Utility | Flatbed | 1UYFS2489M5236205 |
| Second | 2023 | Utility | Flatbed | 1UYFS2489P5774830 |
| Third | 2019 | Utility | Flatbed | 1UYFS2482K5555457 |

19. Plaintiff properly perfected its security interest in the Collateral by possessing the Certificates of Title and recording its interest as First Lienholder thereon. True and correct copies of the Certificates of Title for the Collateral are attached hereto as **Exhibit D**.

20. Guarantor guaranteed the full and timely performance of Borrower under all its present and future obligations to Plaintiff and its affiliates, successors, and assigns (the "Guaranty"). True and correct copies of the Continuing Guaranties dated May 4, 2021, May 19, 2022, and May 27, 2022, executed by Guarantor in favor of Plaintiff and its affiliates, successors, and assigns evidencing the Guaranty are attached hereto and incorporated herein as **Exhibit E**.

21. Under the terms and conditions of the Agreements, failure to make a payment when due is considered an event of default. *See, e.g.*, Exhibit A, at ¶ 5.1(a).

## Default under the Agreements

22. Borrower is in default under the Agreements for its failure to pay the amounts due thereunder.

23. More specifically, Borrower failed to make a payment for the March 4, 2025 payment due under the First Agreement, the November 1, 2024 payment due under the Second Agreement, and the January 1, 2025 payment due under the Third Agreement. Borrower's defaults are continuing.

24. Guarantor is in default under the Guaranty.

25. Guarantor failed to make payments when they became due under the Agreements. Guarantor's defaults under the Agreements and Guaranty are continuing.

26. As a result of Borrower's and Guarantor's defaults under the Agreements and Guaranty, effective March 20, 2025, Plaintiff elected to accelerate the balance due under the Agreements and declare the entire indebtedness owed pursuant to the Agreements immediately due and payable.

27. Under the Agreements, Borrower is obligated to pay interest at a contract rate set forth therein on any unpaid amounts due thereunder and, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1 ½%) per month or the maximum rate not prohibited by applicable law. *See, e.g.*, Exhibit A, at ¶ 5.3.

28. In addition, under the Agreements, Borrower is obligated to pay late charges and other fees under the Agreements. *See, e.g.*, Exhibit A, at PAYMENT SCHEDULE.

29. In addition, under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral. *See, e.g.*, Exhibit A, at ¶ 5.2.

30. In addition, under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit. *See, e.g.*, Exhibit A, at ¶ 5.2(a).

31. Under the Guaranty, Borrower and Guarantor are obligated to pay Plaintiff all amounts due to Plaintiff by Borrower under the Agreements, without limitation.

32. Plaintiff notified Borrower and Guarantor of Borrower's default under the Agreements and the Guaranty and made demand upon Borrower and Guarantor to pay the amounts due under the Agreements.

33. Further, on March 24, 2025, Plaintiff notified Borrower of Plaintiff's election to accelerate the balance due under the Agreements and made written demand for payment due under the Agreements and Guaranty. True and correct copies of Plaintiff's demand letters to Borrower and Guarantor dated March 24, 2025 are attached hereto and incorporated herein as **Exhibit F.**

34. Prior to the filing of this Complaint, Plaintiff recovered possession of a portion of the Collateral securing the Agreements, consisting of the 2023 Utility Flatbed, VIN: 1UYFS2489P5774830 (the "Recovered Collateral"). Plaintiff is currently in the process of determining the best means of mitigating its damages through the sale or other disposition of the Recovered Collateral. The net proceeds of the Recovered Collateral, if any, will be applied to reduce the total outstanding balance pursuant to the terms of the Agreements.

35. Calculated as of March 24, 2025, the amount due and owing under the Agreements, not including attorneys' fees and costs of collection, was an amount not less than $93,856.28. In addition, default interest, fees, and expenses continue to accrue as set forth in the Agreements.

36. Pursuant to the Agreements, upon Borrower's default thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

37. Plaintiff notified Borrower of its default under the Agreements and made demand that Borrower surrender possession of the Collateral to Plaintiff and that Borrower pay the amounts due under the Agreements.

38. Despite express demand, Borrower has failed or refused to pay the amounts due and owing under the Agreements to Plaintiff.

39. Despite express demand, Borrower has failed or refused to return possession of the Collateral, excluding the Recovered Collateral (the "Retained Collateral"), described in the Agreements.

40. The Agreements and Guaranty expressly provide that the Borrower and Guarantor unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

41. Plaintiff has performed any and all conditions and obligations required of it under the Agreements and Guaranty.

42. Plaintiff has retained the services of Husch Blackwell LLP to prosecute this action and has thereby incurred attorneys' fees and is entitled to recover attorneys' fees and costs pursuant to the Agreements. *See, e.g.*, Exhibit A, at ¶ 5.2(a).

43. All conditions precedent to the institution of this action have been performed, excused or have occurred.

## COUNT I
## INJUNCTIVE RELIEF

44. Plaintiff realleges and incorporates the allegations contained in the foregoing paragraphs as if restated fully herein.

45. Borrower continues to possess and utilize, or is capable of utilizing, the Retained Collateral for commercial purposes.

46. On any given day the Retained Collateral is located, or is capable of being located, in diverse places throughout the United States.

47. Based upon the best knowledge, information, and belief of Plaintiff, the Retained Collateral is located at the business address of Borrower, 595 Persimmon Creek Road, Tuskegee, Alabama 36083, but the Retained Collateral may not be located at such address at any given time due to the mobile nature of the Retained Collateral.

48. Due to the mobile nature of the Retained Collateral and its location, Borrower is capable of and likely to remove the Retained Collateral from the jurisdiction of the Court.

49. The Retained Collateral depreciates and deteriorates as a result of its continued use by Borrower, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Borrower.

50. Borrower has or should have in place capabilities to identify, locate, and surrender the Retained Collateral, which capabilities may now be breaking down.

51. The Retained Collateral has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of Plaintiff.

52. Borrower has possession of and wrongfully detains the property from Plaintiff in Macon County, Alabama.

53. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists

unless Borrower and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Retained Collateral; (b) ordered to advise Plaintiff of the location of the Retained Collateral; and (c) ordered to surrender the Retained Collateral to Plaintiff.

54. By reason of the foregoing, Plaintiff is entitled to and demands a judgment directing Borrower to immediately surrender to Plaintiff possession of the Retained Collateral.

## COUNT II
## SPECIFIC PERFORMANCE

55. Plaintiff realleges and incorporates the allegations contained in the foregoing paragraphs as if restated fully herein.

56. In the event of default by Borrower under the Agreements, Borrower is obligated to return the respective units of Retained Collateral at its expense and to any location that Plaintiff directs.

57. In the event of default by Borrower under the Agreements, Plaintiff is entitled to take possession of the Retained Collateral or direct Borrower to remove it to a place deemed convenient by Plaintiff.

58. In the event of default by Borrower under the Agreements, Plaintiff is entitled to repossess and remove the Retained Collateral, wherever located.

59. Plaintiff has performed its obligations under the Agreements, and is ready, willing, and able to perform under the Agreements.

60. Despite demand by Plaintiff, Borrower has failed to return the Retained Collateral.

61. Plaintiff is entitled to and demands judgment directing Borrower to perform its obligations under the Agreements.

## COUNT III
## REPLEVIN/ WRIT OF SEIZURE

62. Plaintiff realleges and incorporates the allegations contained in the foregoing paragraphs as if restated fully herein.

63. This claim is brought pursuant to Rule 64 of the Federal Rules of Civil Procedure, and the statutes, common law, and rules of the State of Alabama, specifically Alabama Rule of Civil Procedure 64.

64. Pursuant to the Agreements, Plaintiff is lawfully entitled to possession of the Collateral.

65. The Retained Collateral is wrongfully detained by Borrower.

66. Borrower came into possession of the Retained Collateral by financing its purchase through Plaintiff, but upon defaulting under its obligations to pay the amounts due and owing under the Agreements, Borrower has failed and refused to surrender possession of the Retained Collateral to Plaintiff.

67. According to the best knowledge, information, and belief of Plaintiff, the reason for the detention is Borrower's unwillingness or inability to fulfill the terms of the Agreements.

68. The Retained Collateral consists of three commercial trailers.

69. Based upon the best knowledge, information, and belief of Plaintiff, and in the absence of an inspection and assuming that the Retained Collateral is in immediately salable condition, for purposes of setting bond only and not as an admission of value, Plaintiff estimates the value of the Retained Collateral to be approximately $57,500.00.

70. As set forth in the Agreements, when not in use the Retained Collateral is to be kept at 595 Persimmon Creek Road, Tuskegee, Alabama, although due to the mobile nature of the Retained Collateral, it is unlikely that the Retained Collateral will be present at such location at

any given time.

71.     The Retained Collateral has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of Plaintiff.

## COUNT IV
## BREACH OF CONTRACT

72.     Plaintiff realleges and incorporates the allegations contained in the foregoing paragraphs as if restated fully herein.

73.     The Agreements represent written contracts between Borrower and Plaintiff.

74.     Plaintiff performed all of the obligations required of it under the Agreements.

75.     Borrower breached the contract by failing to make required payments due under the Agreements.

76.     As a result of Borrower's breach, Plaintiff has exercised its right to accelerate the unpaid balance due under the Agreements.

77.     Plaintiff has made demand upon Borrower, but Borrower has failed to tender the same in satisfaction of the indebtedness.

78.     As a result, Plaintiff has been damaged by Borrower's failure or refusal to remit payment due under the Agreements.

79.     Pursuant to the terms of the Agreements, Borrower is obligated to indemnify Plaintiff for any reasonable costs, including attorney's fees, that Plaintiff incurs in enforcing its rights under the Agreements. Plaintiff has already incurred attorney's fees and costs and will continue to incur such fees and costs throughout the proceedings.

80.     Borrower has waived its right to a jury trial.

81.     For the reasons set forth above, Borrower is liable to Plaintiff for Borrower's breach of contract, plus interest accruing each day and costs of collection, plus all reasonable attorney's

fees and costs incurred in this matter, less any net proceeds received from the Collateral.

## COUNT V
## BREACH OF GUARANTY

82. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully stated herein.

83. Guarantor executed and delivered to Plaintiff the written Guaranty evidencing Guarantor's obligations.

84. Plaintiff relied on the Guaranty in financing Borrower's purchase of the Collateral.

85. Plaintiff made demand upon Guarantor to satisfy Borrower's obligations to Plaintiff; however, Guarantor has failed or refused to honor his obligations under the Guaranty.

86. By breaching the Guaranty, Guarantor has damaged Plaintiff.

87. The Guaranty provides that Guarantor shall pay to Plaintiff all reasonable attorneys' fees and costs and expenses incurred in connection with any indebtedness Borrower fails to pay under the Agreements.

88. Plaintiff has incurred and continues to incur expenses in its efforts to collect this debt, including attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Preliminarily and permanently enjoin Borrower and other persons and firms having knowledge of the injunction from using the Retained Collateral as of the date of entry of the injunction order and from restricting Plaintiff's access to the Retained Collateral, and further order Borrower to disclose to Plaintiff the precise location of the Retained Collateral in order for Plaintiff to reclaim it, as set forth in Count I;

    b.    Enter judgment in Plaintiff's favor and against Borrower that directs Borrower to specifically perform its respective obligations under the Agreements, and to return and allow the removal of the Retained Collateral, as set forth in Count II;

    c.    Enter an order of replevin granting Plaintiff possession of the Retained Collateral, as set forth in Count III;

    d.    Award Plaintiff judgment for all damages it has sustained as a result of Borrower's actions as set forth in the Complaint and as a result of Borrower's breaches of the Agreements, as set forth in Count IV, in the exact amount to be proven at or before trial;

    e.    Award Plaintiff judgment in its favor and against Guarantor in the amount due under the Agreements and Guaranty, as set forth in Count V, the exact amount to be proven at or before trial;

    f.    Award Plaintiff its costs, attorney's fees, and interest on all unpaid amounts due and owing; and

    g.    Grant Plaintiff such other and further relief as shall be just and equitable.

Dated: April 17, 2025.        Respectfully submitted,

**HUSCH BLACKWELL LLP**

By:    */s/ Adam S. Buddenbohn*
Adam S. Buddenbohn
Alabama Bar No. ASB-2816-P65O
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
Email: Adam.Buddenbohn@huschblackwell.com

***Attorneys for BMO Bank N.A.***

HB: 4929-2394-3222.1