IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BMO BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 3:25-cv-294-ECM |
| ) | [WO] |
| GILMORE TRUCKING LLC, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

On April 17, 2025, BMO Bank, N.A. (the "Plaintiff") filed suit against Gilmore Trucking LLC ("GT") and Willie Gilmore ("Gilmore") (collectively, the "Defendants") for defaulting on three loans for purchased collateral of four flatbed trucks. (*See* doc. 1 at 2–7, paras. 9–43).[1]  The Plaintiff's complaint asserts five claims:  "Injunctive Relief" (Count I), "Specific Performance" (Count II), "Replevin/Writ of Seizure" (Count III), "Breach of Contract" (Count IV) against GT, and "Breach of Guaranty" against Gilmore (Count V).[2]  (Doc. 1 at 8–12, paras. 44–88).  Following proper service on April 22, 2025

---

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

[2] Counts I–III appear to be kinds of relief rather than standalone claims.  Nevertheless, the Plaintiff styles them as "claims." (*See generally* doc. 1).  The Plaintiff asserts that Count III is brought "pursuant to Rule 64 of the Federal Rules of Civil Procedure, and the statutes, common law, and rules of the State of Alabama, specifically Alabama Rule of Civil Procedure 64." (Doc. 1 at 11, para. 62).  Alabama Rule of Civil Procedure 64, however, states the procedure for judicially permitting the seizure of property, not substantive law permitting seizure.  A federal court with diversity jurisdiction applies federal, not state, procedural law.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).  The claim is made more puzzling by the Plaintiff's acknowledgment that the underlying contract's choice of law provision specifies Illinois law. (Doc. 11 at 5 n.2).

(docs. 6–7), the Defendants failed to plead or otherwise defend. Consequently, on May 29, 2025, the Plaintiff requested the Clerk of the Court enter default against the Defendants. (Doc. 8). The Clerk of the Court entered default. (Doc. 9). The Plaintiff then filed a motion for default judgment. (Doc. 10).

After careful review of the Plaintiff's motion and briefing, and for the reasons that follow, the motion for default judgment against the Defendants is due to be DENIED without prejudice.

## II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. LEGAL STANDARD

A default judgment may be entered when a defendant "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). Therefore, "[t]he allegations must be well-pleaded in order to provide a sufficient basis for the judgment

2

entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *1 (M.D. Fla. Nov. 24, 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)).[3]  A complaint is "well-pleaded" when it satisfies the requirements set out in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

A "[p]laintiff's motion for default judgment is deficient [when] it neither sets forth the elements of [the] [p]laintiff's claims with citations to legal authority, nor shows how the allegations plead in the [c]omplaint establish the elements of each claim." *Senator-Rudat v. Southard*, 2021 WL 9721150, at *2 (N.D. Ga. Dec. 13, 2021); *see also Accident Ins. Co., Inc. v. DWF Installations, Inc.*, 2024 WL 3470354, at *1 (M.D. Fla. July 19, 2024); *Rigby v. Direct Gen. Ins. Co.*, 2023 WL 2894365, at *1 (M.D. Fla. Apr. 11, 2023); *Gonopolsky v. Korchak*, 2007 WL 1549429, at *2 (M.D. Fla. May 25, 2007).

## IV.  DISCUSSION

In support of its motion for default judgment (doc. 10), the Plaintiff relies on its complaint and exhibits thereto (docs. 1, 1-1–1-6) and brief in support of the motion and exhibit thereto (docs. 11, 11-1).  While the well-pleaded factual allegations in the complaint are accepted as admitted by the Defendants, the Plaintiff fails to set out the legal elements for any of its five claims and show how the admitted factual allegations

---

[3] The Court here, and elsewhere in the Opinion, cites to nonbinding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

support those elements. Indeed, in its brief in support of the motion, the Plaintiff cursorily states that it is entitled to default judgment, relying on Federal Rule of Civil Procedure 55 and stating that "[t]he default concedes the truth of the allegations of the [c]omplaint relating to [the] Defendants' liability as to all counts brought against it." (Doc. 11 at 3–4). If the Plaintiff means that the Defendant's default necessarily establishes liability, that is incorrect. By defaulting, a defendant concedes the truth of well-plead factual allegations, not liability. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) ("[W]hile a defaulted defendant is deemed to 'admit the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'") (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).

The Plaintiff has failed to set forth the elements for any of its claims and to demonstrate how the well-plead allegations in the complaint establish each element. It is not this Court's role to do so. *See Schatz v. Centr Brands Corp.*, 2024 WL 4728373, at *1 (M.D. Fla. Oct. 28, 2024); *Walsh v. Accent Benefit Adm'rs, Inc.*, 2024 WL 6885407, at *2 (N.D. Ga. Feb. 20, 2024); *Liquid Legacy Bottlers & Distribs., Ltd. v. Barkley*, 2021 WL 2905486, at *2 (M.D. Fla. June 30, 2021). Accordingly, the motion for default judgment is due to be DENIED without prejudice.

If the Plaintiff opts to file a new motion for default judgment, it shall specifically address: (1) upon which claims it seeks judgment; (2) the applicable substantive law supporting *each* claim (as to *each* defendant); (3) the elements under which default judgment is sought; (4) the specific, well-plead facts in the complaint that satisfy each

4

element; (5) the connection of any requested damages (including costs, attorney fees, and interest) or other relief to specific claims; (6) the authority supporting those damages or other relief; and (7) the evidence in support of its damages figures or calculations.

## V. CONCLUSION

Accordingly, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's motion for default judgment (doc. 10) is DENIED without prejudice.

2. **On or before December 15, 2025,** the Plaintiff may file an amended motion for default judgment that specifically addresses the deficiencies identified in this Order. *See supra* Part IV. Failure to file by **December 15, 2025,** may result in dismissal for failure to prosecute.

DONE this 13th day of November, 2025.

                                        /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE